### JACK R. SMITH v. THE STATE.

No. 21730. Delivered November 5, 1941.

The opinion states the case.

*Leslie E. Eason, D. F. Sanders,* and *J. A. Veillon,* all of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of thirty-five years in the penitentiary for a statutory offense alleged to have been committed in Jefferson County.

The prosecuting witness is appellant's thirteen-year-old daughter. The only grounds for reversal urged upon us is the insufficiency of the evidence to warrant the jury in believing beyond a reasonable doubt that the defendant was guilty as charged. We have found great difficulty in harmonizing the conclusions in this character of cases with that reached and announced as the law in other cases. This, we think, is due somewhat to the brevity of the statement of facts usually found in such opinions. We adhere to the policy because it is not believed possible to write an opinion and state facts found within the record that would clearly mark the line between those cases where the evidence is held to be sufficient and those which the court feels should be reversed because insufficient. In some cases, as in this, the demeanor and general attitude of the witness testifying against her father is as revolting as the crime which she describes. It is just as unnatural and as unbelievable. She admits she hates him. No such utterance seems to have been made prior to her coming to Jefferson County, though his conduct had continued for two years. Always the court must consider the entire record to determine whether or not the jury was warranted in finding the party on trial guilty beyond a reasonable doubt. Seldom, if ever, do we consider that a contribution has been made to the jurisprudence of our State by reciting all the facts in a case like this however carefully we have considered them in the record. The conduct recited for this period is so shocking that we can hardly reconcile it with the verdict which the jury pronounced. Apparently the jury gave appellant some benefit of doubt in their verdict and this is the strongest argument which might be made that they had any.

It is true that after the young girl had been examined by the prosecution, and at the close of the cross-examination, she said that the things which she had told did not occur. This statement was very brief and neither side, for some reason, examined her any further on the subject at the time. It appears that this closed her testimony for the day. Early the next morning she was recalled to the witness stand and said that she felt better than she did the day before and restated her charges and stuck to them on further cross-examination in a very positive way.

We concur with the argument presented on the appeal that it is a serious thing to send a man to the penitentiary for a period that means his natural life on testimony of this char-

acter unsupported by other evidence, but, fortunately for our feelings in the matter, this court does not have that responsibility. It rests solely with the jury. From the errors which they commit there is no appeal.

The witness testified that she had at no time bled from the acts of intercourse. This is seized upon as rebuttal testimony. True, an opinion by this court said that it was contrary to human experience and impossible. However, no authority was cited and it must have been the evidence of that case. In the case at bar, the evidence is different. A doctor said it is possible. Both physicians said she had engaged in acts of sexual intercourse and gave their reasons for the conclusion. We know of no scientific authority upon which we can rely to refute the testimony of both doctors and the girl. If her story is impossible and if it denies anything, it is that she had ever had sexual intercourse with any man. The evidence is positive that she did.

Considering the entire record, we do not deem it within our province to substitute our view of the evidence for the expression of the jury.

The judgment is affirmed.